## CLARK L. BARBER, Impleaded with
## JACOB CRAWFORD
### *v.*
## TRUSTEES OF SCHOOLS.

1. TRESPASS QUARE CLAUSUM FREGIT—*of the character of possession required.* While it is true, that trespass *quare clausum* only can be maintained for an injury to the possession, yet it is not necessary, to maintain the action, that the possession should be visible and actual, for, unless there be an adverse occupancy, the ownership in fee draws to it the legal possession.

2. PARTIES PLAINTIFF—*in an action for trespass upon school lands.* Under the act of February 16, 1865, the board of trustees of schools in each township are invested, in their corporate capacity, with the legal title to school lands, and such board can alone maintain an action for a trespass committed upon such lands, while not in the occupancy of any other person, although such trustees may not themselves be in the actual occupancy of the premises.

3. It may be, if the premises were, at the time the trespass was committed, in actual use and occupancy for school purposes, the school directors, who have the supervision of the schools, might maintain the action.

4. ABANDONMENT—*what constitutes.* The owner of a piece of land conveyed the same to school trustees, for the purpose of erecting thereon a school house. A condition in the deed was, if the property should cease to be used for school purposes, it should revert to the grantor. A school house was erected upon the ground, and a school was kept therein, under the school authorities, for six months in each year, from the time the building was erected, in the fall or winter of 1859, until August, 1866, and in the following month of September the house was occupied by a family, and continued so occupied for the period of one year, but not, as appears from the record,

by the permission of the school authorities. *Held*, that the facts did not show such an abandonment of the premises as that they would revert to the grantor and entitle him to re-enter. If the party occupying the school house as a residence, entered under the grantor, without the permission of the school authorities, or as an intruder, in neither case would it operate as an abandonment of the premises for school purposes.

5.  Nor would the fact, there was no school held in the district for the year the house was so adversely occupied, or a failure of the school authorities for that period of time to eject the occupant, work a forfeiture under the deed.

APPEAL from the Circuit Court of DeKalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

The opinion states the case.

Messrs. DIVINE & PRATT, for the appellant.

Messrs. KELLUM & ROBINSON and Mr. A. B. COON, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of trespass, brought by appellees against appellant and Jacob Crawford, for removing a building erected and formerly used as a school house by the directors of district No. 4, in township 40 north, range 4 east. The first and second counts of the declaration describe the trespass as being done to real property, and in the third and fourth, as to personalty, the house being described as a chattel. After hearing the evidence and receiving the instructions of the court, the jury found a verdict for the plaintiffs. A motion for a new trial was entered, but was overruled by the court, and judgment rendered on the verdict, to reverse which this appeal is prosecuted.

It is not disputed that the property had been conveyed by a sufficient deed to the township trustees, for the use of school district number four. But it is urged that the grantees were

not in possession of the house, or the ground upon which it stood, at the time of its removal, and that they had never been; and that as the action of trespass *quare clausum fregit* only can be maintained for an injury to the possession, this action must fail. While it may be true that it only lies for an injury to the possession, still it is equally true, the ownership in fee draws to it the legal possession, unless there be an adverse occupancy. This is a firmly established rule of law, fully recognized by text writers and adjudged cases.

Such being the rule, and there being in this case no adverse possession of the house and ground, in contemplation of law, the township trustees, holding the fee, were in possession, and could maintain an action for the wrongful invasion of that possession and injuries committed on the property. Nor does it matter that they held the property for the use of the district, as the fee was vested in them. They held the legal title, and had the legal right to maintain an action for an injury perpetrated on the property. The 39th section of the school law authorizes them, in terms, to receive any gift, grant or donation, for the use of any school or schools; and they are vested in their corporate capacity with the care and custody of all school houses and school house sites; but the supervision and conduct of schools is vested in the directors of each district in which the property is situated.

There is no provision, which we have been able to find, which vests the title in the school directors, but they, under the law and by this deed, have the right to appropriate the property to the use of schools of the district. And they may even require the trustees to sell the property and pay them the proceeds of the sale, to enable them to erect another house, by taking the steps pointed out by the law. But the directors, in this case, had but a beneficial interest in this property. Had they been in the actual occupancy of the house by a school, when the trespass was committed, they probably might have maintained the action. But they were not in possession, nor had they the title, and hence could not maintain

an action. This action was well brought by the township trustees, and no error is perceived in the manner of commencing the suit.

We now come to the important question in the case, whether there was such an abandonment of the property as re-vested the title in appellant, and as authorized him to re-enter and appropriate the property to his own use. The land was conveyed by appellant to the appellees, and the deed contained this provision:

" And it is agreed by and between the parties above named, that in case said land should not be used for school house site, or if the directors of said district should choose another site for a school house in district No. 4, in said township, then the above described real estate shall revert back to the said Clark L. Barber and his heirs and assigns."

It is under this condition that appellant claims the property had reverted to him. It is not claimed that another site had been selected, or that the property had not been used for a school house site. On the contrary, it appears that a school house was erected upon it and a common school had been kept in the house, but appellant claims that the school had not been kept in the house in such a manner as to indicate that they intended to hold and occupy it, for school purposes, and that it appears, from the manner in which it was occupied, that it had been abandoned by them.

It appears that after the erection of the house, a school was taught in it, under the authority of the directors of the district, for six months in each year, until Doudle took possession, in November of 1866. It appears that a school had been taught in it for the same period during that year, which had only expired in the previous month of August. And this tenant occupied the house for the space of about one year. It may be reasonably inferred that Doudle, who cultivated appellant's farm, was his tenant, and was in possession under him.

The ground upon which the house stood had been a part of appellant's farm, and Doudle seems to have used it in connection with the farm. And if appellant, by himself or agent, placed his tenant in possession, it is with a bad grace that he now insists that the directors have abandoned it and the property has reverted to him.

On the other hand, if Doudle was an intruder and not let in by appellant, and he held adverse possession until just before appellant removed the building, we are not prepared to hold that there was an abandonment. It was impracticable to maintain a school in the building while it was occupied by a family, and we can not say that because an action was not brought against Doudle to recover possession, it must be inferred there was an abandonment of the property by the school authorities. Nor would it be reasonable to hold that a community who have raised money and erected a building for school purposes, should lose it by the failure of the directors to perform their duty for an entire year, by not maintaining a school. To enforce a forfeiture, under such circumstances, would be harsh and unreasonable. To authorize such action, the evidence should be clear and satisfactory that there had been an abandonment. In this case we fail to see any sufficient evidence of an intention to abandon this property. It may be it was the duty of the school officers to have brought suit to regain possession, but a mere failure by them to perform such a duty, should not produce such consequences upon the community as the loss of the property.

It may be said the building was of but little value, and the loss comparatively trifling, but the principle involved is the same as if it had been worth many thousands. Nor can we infer an abandonment of the house because there was no school taught in the district during the year the house was in adverse possession, or because parents were compelled to send their children to school in other districts, or permit them to remain uneducated. To do so had become a matter of necessity, and no inference prejudicial to the right to hold the property for

school purposes can be drawn from that fact. There is, we think, an entire absence of evidence to show that the property was abandoned for school purposes. We discover no error in the instructions given, or in the refusal of those asked by appellant. They were either opposed to the views here expressed, or did not relate to the true issues being tried.

We perceive no error in the record and the judgment of the court below is affirmed.

*Judgment affirmed.*