FIRST PRESBYTERIAN CHURCH OF BEAUFORT v. ELLIOTT.

1. DEED—CONDITIONS—CHARGE.—There being some proof of a breach of the conditions of the deed, it was proper for the Judge to instruct the jury as to the law applicable thereto.
2. IBID.—IBID.—RE-ENTRY.—Upon breach of conditions subsequent in a deed, only the grantor or his heir can re-enter and take possession, although this right be given by the deed to him, "his heirs and assigns," and such right of entry cannot be conveyed or assigned.
3. IBID.—IBID.—IBID.—If a grantor use property inconsistently with the conditions subsequent expressed in his deed by permission of grantee, he cannot set up such use as a breach of the conditions nor as re-entry for breach thereof.

4. EVIDENCE—MORTGAGE—POSSESSION.—That one claiming land gave a mortgage, is relevant as an act throwing light on the nature of the possession.

5. JURY—PAPERS—DISCRETION.—Permitting papers to be taken into the jury room is matter of discretion of trial Judge, and no abuse here.

Before KLUGH, J., Beaufort, January, 1902. Reversed.

Action by First Presbyterian Church of Beaufort against Mrs. Meta H. Elliott. From judgment for defendant, plaintiff appeals.

*Messrs. Smythe, Lee & Frost,* for appellant, cite: *Rules for construing charge:* 59 S. C., 312; 15 S. C., 95; 50 S. C., 428; 28 S. C., 580; 42 S. C., 414; 19 S. C., 94; 16 S. C., 575; 48 S. C., 232; 36 S. C., 487; 29 S. C., 161; 33 S. C., 139. *What constitutes an estate on condition:* 16 Gray, 322; 15 S. C., 432. *They are odious:* 15 S. C., 32; 12 N. Y., 131; 4 Kent. Com., 129. *What is breach:* 35 N. H., 445. *Breach makes estate voidable:* 15 S. C., 33; 16 Gray, 322. *And may be waived:* 16 Gray, 309; 2 Wash. on R. P., 2 ed., 19; 41 La. St., 341; 47 Mich., 130; 1 Johns. Cas., 125; 15 S. C., 35. *Right of re-entry is not assignable:* 2 Black., 155, n. 6; 4 Kent. Com., 122, and notes; 2 Ency., 2 ed., 1045, and note 1; 6 Id., 508, note 1; Will. on R. P., 202; 21 Wall., 63; 1 Smith Leading Cas., 9 ed., 119; 12 N. Y., 127; 12 Allen, 141; 7 Allen, 111; 162 Mass., 445; 16 Gray, 310; 97 U. S., 696; 44 Am. Dec., 743; 56 Id., 659; 1 Hill Ch., 271; 2 Hill, 246; McM. Eq., 231; 33 S. C., 293; 15 S. C., 32; 29 Oh., 398; 45 Me., 359; 32 Barb., 448; 16 Pa. St., 140; 13 Cal., 115; 5 Cal., 108; 20 Ga., 566; 129 Ill., 466; 8 Blatchf., 140; 34 Me., 339; 25 Me., 530; 11 N. Y., 323; 46 Barb., 122; U. C. C. P., 132; 11 On., 731. *No entry has been made by grantor nor his heirs:* 1 Smith's L. Cas., 104; 19 Am. Dec., 515; 6 Id., 206; 22 Id., 199; 3 Ind., 445; 45 Id., 570; 9 Bush., 202; 35 Me., 342; 58 Id., 73; 67 In., 198; 4 Gill & J., 121; 5 Mass., 321; 21 Pick., 215; 16 Gray, 309; 97 Mass., 188; 51 Miss., 412; 50 Mo. App., 197; 1 Nev., 40;

2 N. H., 120; 8 Id., 477; 36 Id., 344; 2 Rob., 489; 12 Barb., 440; 12 N. Y., 121; 97 U. S., 693; 4 Hughes, 589. *Reentry necessary:* 15 S. C., 35; 44 Am. Dec., 775; 45 Ind., 552. *Conditions of deed discharged:* 44 Am. Dec., 747; 20 Barb., 455; 53 Barb., 393; 27 Paine C. C., 545; 45 Me., 359; 12 Allen, 141; Smith Lead. Ca., 104.

*Messrs. Mitchell & Smith,* contra, cite: *If evidence is in before objection, motion to strike out is remedy:* 59 S. C., 232. *Grantors being in possession, no formal entry was necessary:* 7 Fed. R., 634; 5 Mass., 321; 15 S. C., 34. *Conditions must be performed in reasonable time:* 7 F. R., 634; 2 Metc., 495; 5 Pick., 528; 21 Pick., 215; 2 L. R. A., 526. *Presumption of possession is rebuttible:* 14 S. C., 35; Lawson's Law of Pres. Ev., 659.

February 20, 1903. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This action was commenced by the First Presbyterian Church of Beaufort against Mrs. Meta H. Elliott, on February 5th, 1901, to recover possession of a lot of land in the town of Beaufort. The plaintiff claimed under a deed executed to it by Lizzie H. Judd and H. G. Judd, her trustee, in May, 1886. The defendant admitted that this deed carried a good title to plaintiff, subject to be defeated, however, by its failure to comply with conditions attached to the conveyance. These conditions are thus set forth in the deed: "And the said party of the second part, the president and corporation of the First Presbyterian Church of Beaufort, for themselves and their successors in office in perpetuity, do covenant and agree to and with the said party of the first part, her heirs, executors, administrators and assigns, as follows, that is to say: That the said party of the second part, his or their successors in perpetuity, shall not use or occupy, or permit the lot hereby conveyed to be used or occupied, for any purpose or purposes whatsoever other than for the erection of a church building and its appurtenances thereon, and

the support and maintenance of the same forever; and that they shall not at any time hereafter erect, or cause, procure, permit or suffer to be erected, upon any part of said lot, any building to be used or occupied as a tenement house or shop for the pursuit of any trade or occupation, or storehouse for the sale of wares and merchandise, or any structure whatsoever, which shall not be strictly part and parcel of the church building or appurtenant thereto. And it is further agreed by the said party of the second part, that no part of said lot hereby conveyed shall be devoted to or used for the burial of the dead under any circumstances whatsoever, or shall be let or leased for secular purposes, it being expressly understood by the parties to these presents, and this conveyance being made and accepted upon the express condition, that if said premises, or any part thereof, or any building thereon erected, or to be erected, or any part of the same, shall at any time be used, permitted or suffered to be used, by the said party of the second part for any other purposes than the establishment and maintenance of the public worship of God; or if the said party of the second part, or their successors in perpetuity, shall fail to perform, fulfill and keep the several covenants herein contained, or make default in the performance or fulfillment of said covenants, or any or either of them, then or in either of such events it shall be lawful for the said Lizzie H. Judd, party of the first part, or her heirs and assigns, and she or they, or any of them, are hereby authorized and empowered to re-enter into and upon said lot of land and premises, and without notice evict any person or persons found in possesion thereof; and to tear down, remove therefrom and sell such building or buildings so used or employed or occupied for any of the purposes herein and hereby prohibited; such removal and sale to be made in manner and form as sales of personal property levied on by virtue of an execution; and the proceeds thereof applied in payment of any expenses incurred in tearing down, removal and sale, and in payment of all damages sustained or occasioned by reason of the breach of any of the covenants aforesaid."

The answer in general terms, without specification, alleges these conditions were never performed, and that thereafter, on August 2d, 1899, in consequence of default in performance of the conditions, Louise C. Wiggins and Edward P. Judd, the heirs of Lizzie H. Judd, conveyed the lot in dispute to the defendant. In support of her position that the church had lost its title by failure to comply with the conditions required by the deed, under which it claimed, the defendant undertook to prove that Mrs. Judd and her husband exercised acts of ownership and held possession after the deed was made to the church, and used the lot for purposes forbidden by the deed; that the possession was continued by their heirs and by the defendant, their grantee, who also used the lot in a manner forbidden by the deed. The defendant further insists in this Court that the title has been forfeited by failure of plaintiff to erect a church within a reasonable time, but we are unable to ascertain from the record whether this position was taken in the Court below. The plaintiff offered evidence for the purpose of showing that the use made of the lot of Mrs. Judd and her husband was merely permissive; that this permissive use was continued without notice to the church that it would be claimed as a forfeiture until the heirs of Mrs. Judd sold to Mrs. Elliott, who set up possession and title adverse to the church. These appear to be the issues on which the case was tried. The jury found a verdict for the defendant, and plaintiff appealed, assigning numerous errors in the charge of the presiding Judge, in the second, third, fourth, fifth, sixth, seventh, eighth and ninth exceptions.

A careful analysis of the exceptions to the charge will, we think, lead to the conclusion that they really allege only three errors of law to have been committed in the charge, and these are all embraced in subdivisions one, two and three of the third exception. The first of these subdivisions is: "His Honor should not have charged the principle applicable to a breach of the conditions of a deed when there was no evidence of a breach of such conditions." This is equivalent to saying the presiding Judge

should have instructed the jury to find for the plaintiff on the ground that there was no evidence of a breach of the conditions, for this was the sole issue in the case.    No comment on the evidence would be proper, as the case must go back for a new trial; but this Court manifestly could not say there was an entire absence of testimony on the part of the defendant bearing on the issue above stated; and this position of appellant cannot, therefore, be sustained.

The second subdivision of this exception is: "The charge contains the statement that if there did exist a breach of the conditions of the deed, the assigns of the grantors could take advantage of such breach."    The conditions in the deed here under consideration are conditions subsequent, and no one but the grantor or his heirs can take advantage of the breach of such conditions.    The deed is not void on breach of the conditions, but becomes so only when the grantor or his heir enters; or, if actual entry is impossible, by the grantor or heir setting up claim to the property.    *Hammond* v. *R. R. Co.,* 15 S. C., 34.    It is true, in the deed under consideration, it is expressly provided that upon breach of condition, the grantor "or his heirs and *assigns*" are authorized to re-enter and without notice evict any person found in possession; but it seems to be well established that parties to such conditions are not allowed to alter the settled rule of law on the subject, and give the assignee of the grantor the right to avail himself of such breach.    *Ruch* v. *Rock Island,* 97 U. S., 696.    Until actual breach of a condition subsequent and entry, or action equivalent to entry, when entry is not possible, the grantor or his heir has only a possibility of acquiring an interest in the land in the future, and a mere possibility of future acquisition of title cannot be conveyed or assigned.    The charge of the Circuit Judge did contain the proposition of law to which appellant excepts in this subdivision, and was, therefore, erroneous in this regard.

The third subdivision alleges error in the charge because: "It is only a partial and incomplete statement of the law, in

that it fails to state that a grantor or his heirs cannot take advantage of a permissive use by them of property subject to conditions, even if such use is a breach of such conditions." The presiding Judge charged the jury: "If you should find that none of these conditions have been violated and that the church was in possession, was put in possession or took possession in pursuance of this deed, and has remained in possession in pursuance of the deed, and has not either used or permitted the property to be used by itself or any one else for other purposes or uses than those specified in the deed, the conveyance, then the church is still the owner, and is entitled to recover the possession of the property." The plaintiff introduced evidence for the purpose of showing that such use as had been made of the property by the grantor inconsistent with the terms of the deed was permissive and in pursuance of an understanding between the church and the grantor. In view of the evidence offered on this issue, the charge was an incomplete statement of the law on the question under consideration. It was erroneous in not stating the effect of permissive entry and use by the grantor. The presiding Judge undertook to instruct the jury as to the effect of the observance or breach of conditions of the deed. In doing so, he stated in substance, that for the plaintiff to recover, the jury must find the lot had not been used for any purpose forbidden by the deed, without making any qualification as to the permissive entry and use of the grantor. This really withdrew from the jury the consideration of the evidence offered by the plaintiff in the effort to prove that any entry or use by the grantor was permissive. This error was, we think, vital. If the grantor entered and used the property in a manner forbidden by the deed, in pursuance of permission given him by the church, his participation in and consent to such use constitute a waiver of the condition to that extent, and neither he nor those claiming under him could avail themselves of such use as constituting a breach. Nor could he or they avail themselves of possession so obtained as a re-entry

for breach of condition, for it would not be an assertion by the grantor of claim to the lot, but a negation of such claim. 2 Washburn on Real Property, section 19; *Hammond* v. *R. R. Co., supra; Hubbard* v. *Hubbard* (Mass.), 93 Am. Decis., 75; *Chalker* v. *Chalker* (Conn.), 6 Am. Decis., 206.

Appellant's first exception as to the admission of testimony of Capt. Elliott relating to the mortgage given by Mrs. Wiggins must be overruled. The testimony of this witness as to the existence of the mortgage, which was admitted by the Court, was objected to only on the ground that it was not relevant to the issue made by the pleadings. This objection was properly overruled; for the execution of a mortgage by Mrs. Wiggins covering the lot in dispute would be relevant as an act of hers, throwing light on the nature of such possession or use of the lot as might be established on her part. When the objection was subsequently made that the mortgage itself was the best evidence of its contents, it was promptly sustained. A ground of objection not ruled on by the presiding Judge cannot be urged in this Court. *Allen* v. *Cooley,* 53 S. C., 80, 30 S. E. R., 721; *Youngblood* v. *R. R. Co.,* 60 S. C., 9, 38 S. E. R., 232.

The appellant's tenth exception is overruled, because allowing papers introduced in evidence to be taken by the jury to their room, rests in the discretion of the presiding Judge, which will not be disturbed except in case of abuse. There was no abuse of discretion in this instance. *Rose* v. *Bank,* 41 S. C., 192, 19 S. E. R., 487.

For the errors above stated, the judgment of the Circuit Court is set aside and a new trial is ordered.

*Argued before full Court.*