## WHITE v. BRITTON.

TRUSTEES—FORFEITURE—LIMITATION OF ESTATES.—A TRUST DEED convey-
ing land "in trust for the use of the preacher or preachers who shall
hereafter serve Zoar Church * * * and for no other purpose, and the
same shall revert to grantor or his heirs if sought to be disposed of, or
used for any other purpose," creates an estate on condition subse-
quent, and explicit assertion of forfeiture and demand of possession
is sufficient to take case of actual entry, if actual entry might result
in breach of peace, or is not reasonably to be expected from any
cause. An offer of one of several trustees alone to sell, or occupation
for one year of a preacher not then pastor of Zoar Church, the church
for the time having been attached by church authorities to another
circuit having a parsonage, but which may at any time by such
authorities be restored to former connection, such occupation being
only temporary, the trustees keeping some church furniture in build-
ing and not intending an abandonment of the property as a parson-
age, will not work a forfeiture. Breach of conditions of a deed must
be clearly shown to warrant adjudication of forfeiture.

Before WATTS, J., Sumter, November, 1905. Affirmed.

Action by Frances C. White, Alice K. Ward, S. J. White,
J. B. White *et al.* against Jno. J. Britton, Jr., Leonard E.
White, A. Walker Newman and Samuel Newman.

From judgment dismissing complaint, plaintiffs appeal.

*Messrs. L. D. Jennings, Haynsworth & Haynsworth,·*
for appellants, cite: *Deed creates a base or qualified fee:* 11
Ency., 368, 369, 370; 2 Black. Com., 109; Co. Litt., 27 A.,
Plowd., 557; 155 Mass., 171; 27 N. J. L., 13; 23 Barb., 370.
*When reversion will take place:* 2 Plowd., 557; 3 Gray,
142; 11 Gray, 43; 14 Gray, 586; 5 Gray, 17; 11 Met., 99;
102 Mass., 90; 1 Wash. Real Prop., 3 ed., 79, 76, 78; 2 Id.,
20, 21, 519; 4 Kent. Com., 126, 127, 129, 132, 10; 2 Crabb
Real Prop., 2135, 2136; 2 Flint Real Prop., 230-2; Shep.
Touch., 101, 120, 121, 125; 9 Allen, 159; 18 N. Y., 96; 23,
Barb., 370; 27 N. J. L., 13; 59 Pa., 335; 94 Ill., 93; 2 Bl.
Com., 209, 154, 155; 1 Cruse Dig. Title, 172-76; 2 Flint

Real Prop., 136-138; Preston Estates, 431, 432, 471; Challis Real Prop., 197-208, 31, 63-65, 153, 174, 198, 200, 212; 2 Plowd., 413; 4 Allen, 566. *Nature of determinable fees:* Challis Real Prop., 89, 197, 200, 203, 204; 1 Cruise Dig. Title, 86; 3 Gray, 142; 13 Ill., 50; 14 Gray, 586; 11 Ill., 336; 1 Shep. Touch., 101, 125; 1 Preston Est., 432, 442; Moore Rep., 15, n. 156; 3 Atk., 774; 10 Vin. Abr., 203-Dy., 124; 18 N. Y., 96; 107 Ill., 125; 68 Ga., 370; 81 Ga., 120; 70 Ala., 288; 2 Black Com., 109; Yelv., 150; Pres. Est., 20; 1 Leon, 74; 2 Wooddeson, 9; 1 P. Wms., 70; Co. Litt., 18a; Plowd., 557; Gro. Jac., 593; 10 Coke, 97b; 59 Pa., 335; 3 Pa., 436; 18 Ohio St., 221; 8 Leigh, 224; 23 Barb., 370; 6 Mart. La., 221; 5 Pa., 126; 27 N. J. L., 13; 29 N. J. L., 321; 9 Allen, 159; 15 Hun., 378; 94 Ill., 83; 102 Mass., 90; 10 Pa. Co. Ct., 347; 97 N. C., 206. *Re-entry:* Challis Real Prop., 197; 14 Gray, 586; 11 Ency., 2 ed., 369; 24 Ency., 421-5.

*Messrs. Lee & Moise,* contra, cite: *As to abandonment:* 15 S. C., 35; 9 Pa., 433; 24 Pa. St., 84; 21 Pa., 222; 65 S. C., 251. *Trespasser is not entitled to injunction to maintain possession:* 94 N. Y., 619. *As to occupancy:* 16 Ill., 415; 46 Cal., 601; 42 Cal., 152; 2 Black, 133. *Deed creates an estate upon condition:* 2 Bl.. Com., 156; 4 Kent. Com., 6 ed., 122, 127-9; 14 S. C., 10; 65 S. C., 251; 99 N. Y., 542; 16 Ency., 348, note 9. *Equity may require affirmative action:* 166 U. S., 548; 38 S. C., 153; 63 S. C., 7.

November 29, 1906. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This action was brought to obtain a permanent injunction against the interference by the defendants with the plaintiffs' possession of a lot of land containing one acre and the dwelling house situated thereon, the Circuit Judge holding the right of possession to be in the defendants, Leonard E. White, A. Walker Newman and John J. Britton, as trustees, and not in the plaintiffs, dis-

missed the complaint and ordered the plaintiffs to return the possession to the trustees. The case depends upon the solution of legal questions, there being no ground for serious controversy as to the material facts.

On January 14th, 1896, James G. White executed a deed conveying the land in dispute to "Leonard E. White, A. Walker Newman and John J. Britton, Jr., trustees." The trust is thus set out in the deed: *"To have and to hold* all and singular the said premises before mentioned unto the said Leonard E. White, A. Walker Newman and John J. Britton, Jr., trustees, and their successors, heirs and assigns, in trust for the use of the preacher or preachers who are now serving and who may hereafter serve the Zoar Church (which is one of the churches within the bounds of the South Carolina Conference of the M. E. Church, South), and for no other purpose, and the same shall revert to the grantor or his heirs if sought to be disposed of or used for any other purpose and full power is hereby given to the trustees aforesaid, the survivors of them and their successors in office, in case of a vacancy in the trustees, by death, resignation or otherwise, to continually fill such vacancy by the remaining trustees electing a successor who shall be clothed with all the powers herein granted."

The church cleared the land and built a parsonage on it which was occupied by its regular pastor until 1904. In that year Zoar Church was transferred to Oswego Circuit and in that circuit there was another parsonage, which was used by the minister in charge instead of the Zoar parsonage. In this condition of affairs, Zoar Church having no need of its parsonage, Rev. W. C. Cleaton, who had served the church as pastor for the year 1903, was allowed to continue to occupy and use the property, though he had become a local preacher, and had no official connection with Zoar Church, except that he occasionally officiated there at the direction of the presiding elder when the regular pastor was sick. In January, 1905, Mr. Cleaton, having again been assigned regular pastoral work elsewhere, moved away. The

house was then locked up and the keys taken by the trustees, some of the parsonage furniture remaining in the house. Under the polity of the Methodist Episcopal Church, South, Zoar Church may, however, at any time be attached to a circuit in which the use of this parsonage would be required.

After Mr. Cleaton moved out, the plaintiff, 'Miles H. White, one of the heirs at law of James C. White, who conveyed to the defendants as trustees, claiming that the land had reverted by reason of violation of the conditions of the deed, undertook to take possession of the premises, and had entered the house by breaking open the door, when the trustees, Britton and Newman, interfered and a personal altercation ensued. After this both parties claimed to be in possession, and this suit was brought by Miles H. White and the other plaintiffs, heirs of James G. White, to restrain the defendants from interfering with the alleged possession.

The exceptions will not be discussed or even set out in detail, for the broad question is, whether the conditions of the trust deed have been so violated as to produce forfeiture of the title and right of possession. The plaintiffs first contend that the trustees have forfeited the property by attempting to sell it. There was some evidence to the effect that Britton, one of the trustees, offered to sell the property. This was denied by Britton, but whether he made the offer to sell or not is of no consequence, for there is no evidence that he had any authority from a majority of the trustees, and the unauthorized act of one trustee could not be imputed to all as an effort to sell resulting in a forfeiture under the deed. It was beyond the power of one of these trustees by his independent action to control or defeat the trust.

The plaintiff next contended with great earnestness that the trustees took under the deed a base fee, and that as an incident to such an estate in the land the title and right of possession was forfeited and lost by the trustees and regained by them as heirs at law of the grantor, as soon as Rev. W. C. Cleaton was allowed to occupy the house while

not the preacher serving Zoar Church; and that entry by them as heirs after the alleged forfeiture was not necessary to transfer the title and right of possession. We do not discuss the authorities treating of the obstruse distinctions which have been attempted on the subject of base fees, because they are entirely irreconcilable and for the most part far from enlightening, and because it is settled in this State by the case of *Hammond* v. *Railway,* 15 S. C., 10, that words such as are here used create an estate upon a condition subsequent, and that such an estate is not defeated so as to revert the title by breach of the condition, unless such breach is followed by actual entry by the grantor or his heirs, or if that is not practicable, by the grantor or his heirs setting up claim to the property. *First Presbyterian Church* v. *Elliott,* 65 S. C., 256, 43 S. E., 674. Whatever may be the technical terms used by judges and text-writers, we think this will be found to be the practical result of almost all the discussions on the subject. There is no necessity, however, in this case for the plaintiff to establish his proposition that entry after breach of condition was not necessary under the terms of this deed, for it was proved beyond dispute that after the use of the property which it is alleged constituted the mis-user, the plaintiff did enter by breaking open the doors and installing a tenant, and certainly this entry was active enough. Claim to the possession much less vigorously prosecuted would have been sufficient, for the doctrine that entry is necessary to the revesting of the title upon breach of condition is founded on the ancient common law principle, that "an estate of freehold cannot begin or end without the ceremony of livery of seizin," now almost obsolete in all its applications. This is one of the few instances in which it is still applied, and even here it has come to be considered that any explicit assertion of forfeiture and claim of possession will be sufficient, if actual entry might result in a breach of the peace, or if for any other cause it is not to be reasonably expected. Indeed, many authorities hold that explicit notice of claim of

forfeiture and demand for possession are in all cases suffi-
cient to take the place of actual entry. *Cross* v. *Carson,* 44
Am. Dec., 757, note. Therefore, in this case it cannot be
doubted if there had been a forfeiture the entry would have
been sufficient to revest the title and right of the posses-
sion in the plaintiffs as heirs of the grantor; but we think
the Circuit Judge was right in holding that there was no
such diversion of the use of the property from that contem-
plated by the deed as was necessary to constitute a forfeiture.
The right of a grantor to say in his deed that the property
conveyed shall be devoted to a particular purpose and that it
shall revert to his estate when not so used, should be fully
recognized and protected, yet as the law does not favor for-
feitures, before the Courts will declare one, a breach of the
conditions of the deed must be clearly proved.

Here the deed provides that the property shall be held "in
trust for the use of the preacher or preachers who shall
hereafter serve Zoar Church　*　*　*　and for no other
purpose." Possibly the grantor meant, as the plaintiffs con-
tend he did, that the use should be actual occupancy of the
property by the preacher in charge of Zoar Church, but he
did not say so, and there is nothing in the context to author-
ize the Court in limiting the word use, having such a general
signification, to mean actual occupancy as a parsonage,
which is a special and particular use. Not only actual
occupancy by the preacher in charge of Zoar Church as
a residence, but cultivation of the land by or for him, or
his use of wood from it, or of the rent received for it, would
meet the requirements of the deed that it should be for his
use. 29 A. & E. Ency., 444.

The condition of the deed would be violated if the parties
in interest allowed the property to be occupied by Mr. Clea-
ton or any other person without appropriating the rents
to the benefit of the preacher in charge of Zoar Church,
unless such occupancy should be merely for temporary con-
venience and of such character as not to indicate permanent
or intentional diversion from the use expressed in the deed.

28—75

Here by church authority, beyond the control of the trustees, Zoar Church was placed in a circuit having already a parsonage, and at the same time by the same authority, Mr. Cleaton, the preacher who had the year before been in charge of Zoar Church living in this parsonage, ceased active work, and became a local preacher. In this condition of affairs, Mr. Cleaton was allowed to occupy the house for the year 1904, but, as the trustees testify, without any intention of abandoning the property as a pasonage for Zoar Church.

Under these conditions the temporary occupancy of Mr. Cleaton was not sufficient to work a forfeiture. It does not appear that the property could have been immediately rented for the use of the preacher in charge of the church, and it tended to the preservation of the property to have it occupied. Such a temporary arrangement which ceased at the end of the year does not indicate actual abandonment of the use prescribed by the deed or an intention to abandon such use, and was, therefore, not sufficient to warrant the Court in declaring a forfeiture. 44 Am. Dec., 753, note; *Carter* v. *Branson,* 79 Ind., 14; *Woodworth* v. *Payne,* 5 Hun., 551 (N. Y.) ; *Barber* v. *Trustees of School,* 51 Ill., 396; *Pickle* v. *McKissick,* 21 Pa. St., 232.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.