**UNITED STATES v. 2,086 ACRES OF LAND, MORE OR LESS, SITUATE IN SPARTANBURG COUNTY, S. C., et al.**

No. 188.

District Court, W. D. South Carolina,
Spartanburg Division.

Aug. 27, 1942.

See, also, 62 S.Ct. 1313, 86 L.Ed. ——.

412

Horace L. Bomar, Jr., Sp. Asst. to the U. S. Atty., of Spartanburg, S. C., for plaintiff.

R. M. Ward, of Spartanburg, S. C., and Angus H. Macaulay, of Chester, S. C., for defendant.

WYCHE, District Judge.

The Deacons of Mount Sinai Colored Baptist Church claim the amount of compensation awarded for Tract No. 2 in the above condemnation proceeding.

The facts are as follows:

On November 28, 1892, Miss M. M. Cureton by deed properly executed, delivered and recorded, conveyed to the Deacons of the Colored Baptist Church, subsequently known as Mount Sinai Colored Baptist Church, a small lot south of the City of Spartanburg. After the description of the property, the deed contains the following provision: "This deed is to be null and void as soon as it ceases to·be used as a Baptist Church ground." Thereafter a church building was erected on the lot and it was used without interruption for Baptist Church purposes until the early part of 1941 when it was condemned by the United States in the above condemnation proceedings. The Church would have continued to use the property for the purposes designated by the grantor if the Government had not taken it by condemnation proceedings. The amount of compensation to be paid for taking the property has been fixed by a jury verdict. The heirs at law of the grantor have made no claim to the condemnation award or any part thereof in response to an order of this Court requiring them to assert any claim that they may have thereto.

While the heirs at law of M. M. Cureton have asserted no claim to the proceeds of the award, the Government seeks a judicial determination of the question whether the entire condemnation award should be paid to the Deacons of the Mount Sinai Baptist Church or whether all or any portion thereof should be paid to the heirs at law of M. M. Cureton.

The effect of the deed made by Miss Cureton is to convey to the Mount Sinai Colored Baptist Church an estate upon a condition subsequent. 1 Tiffany, Real Property, 268; Hammond v. Port Royal and Augusta Railway Company, 15 S.C. 10, 34; First Presbyterian Church of Beaufort v. Elliott, 65 S.C. 251, 43 S.E. 674; White v. Britton, 75 S.C. 428, 56 S.E. 232. The grantor expressly states that the conveyance is to be void should the lot no longer be used as a Baptist Church ground. This language, in my opinion, is equivalent to a statement that the estate is grant-

ed upon the condition that the property be used only for church purposes, and that in the event the grantee should cease to use the property for said purposes, title should revert immediately to the grantor or her heirs.

The grantor of an estate upon condition subsequent has only a possibility of acquiring an interest in the land in the future. This mere possibility of future acquisition of title cannot be conveyed or assigned. Where an estate has been granted upon a condition subsequent, no one but the grantor or his heirs can take advantage of the breach of such condition. The deed is not void on breach of the condition, but becomes so only when the grantor or his heirs enter; or, if actual entry is impossible, by the grantor or heirs setting up claim to the property. First Presbyterian Church of Beaufort v. Elliott, supra. Since an estate upon condition subsequent may work a forfeiture, the courts strictly construe deeds creating such estates.

In the case of United States v. 1119.15 Acres of Land, Williamson County et al., D.C., 44 F.Supp. 449, the Government condemned certain school property which had been conveyed upon a condition that it be devoted to school purposes. There was no evidence of any imminence or likelihood of abandonment of the school. The use for school purposes had continued without interruption for many years until the lot was acquired by condemnation proceedings. It was held in that case that the entire award should be paid to the school trustees.

The Restatement of Property, Vol. 1, § 53, is to the same effect. Commenting upon the proper distribution of the award where an estate upon a condition subsequent is acquired by condemnation, it is said: "If, viewed from the time of the commencement of an eminent domain proceeding, and not taking into account any changes in the use of the land sought to be condemned which may result as a consequence of such proceeding, the event upon which a possessory estate in fee simple defeasible is to end is an event the occurrence of which, within a reasonably short period of time is not probable, then the damages for a taking thereof by eminent domain proceeding are ascertained as though the estate were a possessory estate

in fee simple absolute and the entire amount thereof is awarded to the owner of the estate in fee simple defeasible. Under these circumstances the future interest has no ascertainable value. * * *" See, also, 1 Simes, Future Interests, Section 171.

In other cases not involving condemnation proceedings, forfeiture of the estate granted upon a condition subsequent has been excused when the grantee later is precluded by law from using the property for the purposes designated. In Board of Commissioners v. Young, 6 Cir., 59 F. 96, 107, 8 C.C.A. 27, the Court said: " * * * the plaintiff ought not to recover, because the forfeiture is excused when the act of the law has prevented the further use of the estate for the public purposes intended by the grantor. These lots were used for burial purposes so long as such use was permitted by law. The cessation was the direct result of the law which prohibited a longer use." The Court concluded that no forfeiture of the estate resulted, although the property had ceased to be used for the purposes designated by the grantor, because the breach was the act of the law. Cf. Fowler v. Coates, 201 N.Y. 257, 94 N. E. 997; Marquis of Anglesea v. Hugeley, 6 Q.B. 107. In the case under consideration Federal Statutes empowered the United States to take the land by eminent domain for military purposes, and the taking under such laws prevented the Deacons of the Church from further using the property for church purposes.

Where an estate on a condition subsequent is created, "such estate is not defeated so as to revert the title by breach of condition unless such breach is followed by actual entry by the grantor or his heirs, or, if that is not practicable, by the grantor or his heirs claiming the property." White v. Britton, supra. Actual entry upon the property in question which is now owned by the United States is not possible and the heirs at law of the grantor have made no claim to the condemnation award, or any part thereof.

It is my opinion, therefore, that the compensation awarded for Tract No. 2 in the above condemnation proceeding should be paid to the Deacons of Mount Sinai Colored Baptist Church, and that the heirs at law of M. M. Cureton have no valid claim to any portion thereof.