PHILIP S. FOWLER et al., as Trustees of a Fund to Establish a Canning Factory at Lowville, N. Y., Respondents, v. WILLIAM M. COATES et al., as Trustees under the Will of WILLIAM GILLESPIE, Deceased, Appellants, Impleaded with Others.

Real property — breach of condition subsequent does not create an assignable estate or interest in real property — trusts — invalid conveyance by a grantor describing himself "as trustee."

The right to take advantage of a breach of a condition subsequent is neither an estate nor an interest in real property, nor an assignable chose in action. The right to re-enter and to insist upon a forfeiture of an estate, upon breach of such a condition, can only be reserved for the benefit of the grantor and his heirs, and an assignee, as a stranger to the title, cannot take advantage of it.

A grantor describing himself "as trustee for the subscribers to the fund to establish a canning factory" conveyed certain premises upon condition that the grantee, his heirs or assigns, should operate a canning factory or other manufacturing enterprise upon the premises during a period of ten years, in which case his title thereto should become absolute, otherwise the interest of the grantee to revert to the grantor. The grantee mortgaged the property to defendant for a valuable consideration; subsequently the buildings erected on the property burned

17

and the grantee became bankrupt. Both the trustee in bankruptcy and the trustee named as grantor in the original conveyance conveyed to these plaintiffs who brought this action to remove as a cloud on title the mortgage which had been executed to defendant, claiming forfeiture for condition broken. *Held,* that no valid trust existed, nor is any breach of the condition shown, and that plaintiffs had never acquired any right of action. *Fowler* v. *Coates,* 128 App. Div. 381, reversed.

(Argued February 27, 1911; decided March 21, 1911.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 11, 1908, affirming a judgment in favor of plaintiffs entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*E. J. Boshart* for appellants. The condition subsequent attempted to be created by and in West, as trustee, and vested in him by the deed from him to Conover of May 23, 1901, whereby a forfeiture was to be incurred unless said premises were used as specified for ten years, so far as the real estate in question is concerned, was absolutely void. A trust to enforce a forfeiture against a person in case of a non-compliance with conditions subsequent is unauthorized by statute. (*Adams* v. *Perry,* 43 N. Y. 487; *Fallett* v. *Badeau,* 26 Hun, 253.) The deed from Holzworth to West, as trustee, was absolute, with no limitation upon his power to convey and vested him with the legal title to the land and the whole estate in law and equity for the benefit of himself and others, and he had the authority to convey a good title to the premises. He was not a mere trustee. (*King* v. *Townsend,* 141 N. Y. 358; *G. L. & P. J. R. R. Co.* v. *N. Y. & G. L. R. R. Co.,* 134 N. Y. 435; *Ennis* v. *Brown,* 1 App. Div. 23; *People* v. *S. B. B. Co.,* 49 Hun, 349.) The deed dated June 16, 1906, executed by West, as trustee, etc., and individually, to plaintiffs, as individuals, and not described as trustees, of the premises in question, did not convey any right or interest whatever other than any personal interest he, West,

had in the land.  All he then had, if anything, was a mere right of action, which was not assignable or grantable and could not pass by a conveyance.  The utmost effect of such conveyance was to put an end to the rights of the grantor and free the estate of the condition. (*Berenbroick* v. *St. Luke's Hospital*, 23 App. Div. 339; 155 N. Y. 655; *Upington* v. *Corrigan*, 151 N. Y. 143; *Trustees Union College* v. *City of N. Y.*, 173 N. Y. 38.)  There was nothing in the deed of May 23, 1901, which required anything more by Mr. Conover than that he remove his canning factory buildings, machinery, etc., from Seaford, Del., to the premises in question, and that then he or his heirs or assigns should in good faith run and operate the same as a canning and preserving factory or some other manufacturing enterprise upon said premises that would utilize said buildings erected thereon for the period of ten years from August 1, 1901.  There was no provision for the use or operation of any other buildings and plant than those removed from Seaford, Del.; no provision for rebuilding in case of destruction by fire.  The evidence shows that Mr. Conover did remove and operate said buildings until November 18, 1904, in full compliance with the provisions of said deed, and that the same were burned on said date without any fault on his part.  The burning of the plant, without any fault of grantee (there being no provision for a rebuilding or the operation of any other plant than that removed from Seaford), made further performance impossible and discharged the condition. (*Baker* v. *W. C. T. Union*, 57 App. Div. 290; *Rose* v. *Hawley*, 141 N. Y. 366.)  There was no valid trust ever created of the premises in question. There was no express trust under the statute. (L. 1896, ch. 547, § 96; *Greene* v. *Greene*, 125 N. Y. 506; *Woodward* v. *James*, 115 N. Y. 346; *People ex rel. Collings* v. *Donohue*, 70 Hun, 317; *King* v. *Townsend*, 141 N. Y. 358; *Hill* v. *Warsawski*, 93 App. Div. 198.)

*C. S. Mereness* for respondents.  The plaintiffs are the trustees of an express trust within the meaning of section 449

of the Code of Civil Procedure, and may maintain this action in that capacity. (*Brown* v. *Powers*, 53 App. Div. 251; *Western R. R. Co.* v. *Nolan*, 48 N. Y. 513; *Slocum* v. *Barry*, 34 How. Pr. 320; *Hutchins* v. *Smith*, 46 Barb. 235; *Trustees, etc.*, v. *Stewart*, 27 Barb. 553; *Cassidy* v. *Sauer*, 114 App. Div. 673; *Parker* v. *Paine*, 37 Misc. Rep. 768; *Brown* v. *Cherry*, 56 Barb. 635; *Humphreys* v. *N. Y., L. E. & W. R. R. Co.*, 56 Hun, 634.) There has certainly been a total failure on the part of Conover to perform, and his title and interest have ceased. (*Price* v. *Hartshorn*, 44 N. Y. 94; *Oakley* v. *Morton*, 11 N. Y. 25; *Harmony* v. *Bingham*, 12 N. Y. 99; 165 N. Y. 254; 159 N. Y. 43; *Tracy* v. *Corse*, 58 N. Y. 143; *Thompson* v. *N. Y. & H. R. R. Co.*, 3 Sandf. Ch. 625; *Fire Dept. of N. Y.* v. *Kip*, 10 Wend. 266.)

GRAY, J. This action was brought to remove, as a cloud upon the title of the plaintiffs, a mortgage held by the defendants upon certain real estate described in the complaint. The ground of the complaint is, in substance, that the mortgagor's title was upon condition; that it had been forfeited for failure to perform the condition of his deed and that the plaintiffs had become vested with the former title and could take advantage of the breach of the condition. It appears that, in April, 1901, a number of the inhabitants of the village of Lowville, in this state, by popular subscription, raised upwards of $4,000 for the purpose of inducing William G. Conover, who was operating a canning factory in the state of Delaware, to move his manufacturing plant to their village. An agreement was made with Conover by five persons, styling themselves a committee of citizens of the village of Lowville, by which Conover agreed to remove his canning plant, including buildings, machinery and other appliances, to Lowville and to place the same upon a site to be provided for him by the committee. The committee agreed to procure the conveyance to him of a certain parcel of real estate and to pay to him the sum of $3,285, at times specified. The owner of the site, which was selected for the erection of the plant,

conveyed the same to De Witt C. West, in May, 1901, for the consideration of $1,000; the grantee being described in the deed "as trustee for the subscribers to the fund to establish a canning factory at Lowville, N. Y." On the same date, West, as trustee with the same description as in the previous deed, by warranty deed, granted to Conover the land. His deed was upon condition that Conover remove his plant and erect the same, on or before August 1st, 1901, and, " upon the further condition that said Conover, or his heirs or assigns, shall in good faith run and operate the same as a canning and preserving factory, or some other manufacturing enterprise upon said premises that will utilize said buildings erected thereon for and during the period of ten years from the said first of August, 1901, and the title of said Conover to said real estate and rights hereby conveyed, hereunder, to be and become absolute only at the expiration of said period of ten years." A further clause in the deed was to the effect that " in case said Conover, or his heirs or assigns, shall * * * fail or neglect in good faith to operate said manufactory at any time within said period of ten years then all interest of said Conover * * * and rights shall * * * revert to said party of first part, who may at once re-enter," etc. Conover carried out his part of the contract, duly transferred his plant to Lowville and commenced to operate it. In June, 1904, Conover executed to the defendants the mortgage for $25,000, sought to be invalidated in this action; no part of the principal or interest of which has been paid. In November, 1904, the buildings and machinery were destroyed by fire. There was no insurance and they were not rebuilt. In March, 1905, Conover was adjudged a bankrupt and, pursuant to order, his trustee in bankruptcy sold and conveyed the premises, in April, 1906, to these plaintiffs, " as trustees for the subscribers to the fund to establish a canning factory at Lowville," subject to the mortgage of these defendants. Thereafter, in July, 1906, West " individually, and as trustee for the subscribers to the fund to establish a canning factory at Lowville " and his wife, for a nomi-

nal consideration, deeded to these plaintiffs the same land. There is nothing in the record to indicate the nature of West's, or the plaintiffs', trusts mentioned in these different conveyances; or who were the subscribers to the fund; or what, if any, formal agreement, or associate action had ever been taken. The plaintiffs had judgment in their favor for the relief asked; declaring the forfeiture of Conover's title and removing the lien of the defendants' mortgage. That judgment has been affirmed by the Appellate Division, by a divided vote of the justices.

I think that the judgment should be reversed. I am quite unable to perceive how the plaintiffs have ever acquired any right to maintain such an action. Whatever title, or right, they obtained from the trustee in bankruptcy was, of course, subject to the mortgage held by the defendants. If they claim through West's deed, that, at most, could only transfer what individual interest he may have had as one of the committee of subscribing citizens. Individually, he could not confer any right of entry for condition broken and if a trustee, he could not transfer his duties to others. Though he took title as trustee for the subscribers to the fund, he, simply, got title as the individual. It may be that his relations to the subscribers to the fund were such as to render him liable to account for his acts; but there was no trust which limited the beneficial interest in him, or his right to convey to Conover. A trust to be valid must be created in accordance with the provisions of the statute and it must be manifested by some writing, wherein its nature and conditions appear. We, certainly, know nothing of any trust here; other than the assumption by West, and by these plaintiffs, of the description of trustees. That was matter of description and not of substance. If the deed to him was for the benefit of others, he, nevertheless, held the legal title and could convey it to a purchaser. (*King* v. *Townshend*, 141 N. Y. 358.) West's conveyance to Conover was upon a condition subsequent and, in such case, the legal presumption being that the condition will be performed, the grantee took every interest

and estate in the real property. Nothing remained in West except the right to take advantage of a breach of the condition subsequent; which is neither an estate, nor an interest, in real property, nor an assignable chose in action. The right to re-enter and to insist upon a forfeiture of the estate upon breach of such a condition can only be reserved for the benefit of the grantor and his heirs, and an assignee, as a stranger to the title, cannot take advantage of it. (*Upington* v. *Corrigan*, 151 N. Y. 143.) If, therefore, there had been a breach, it would not operate, of itself, to divest Conover's title; to that end action was required by West himself.

Personally, I am inclined to the view that no breach of the condition was shown. The obligation was imposed upon Conover, or his heirs or assigns, as a condition of acquiring an absolute title, in good faith, to run and operate his plant " as a canning and preserving factory, or some manufacturing enterprise upon said premises that will utilize said buildings erected thereon, for and during the period of ten years." When the plant was destroyed, some three years of the period, only, had run and it was without fault on his part that he was prevented from continuing his operations. He was not insured and his losses were followed by bankruptcy. There was no provision for operating in any other buildings and when he was deprived of his interest in the premises, as the result of the bankruptcy proceedings, the failure of Conover to comply with the condition of his deed was in no sense willful. He had complied with the condition as long as he was able to do so and if there was an omission to provide in the deed for the event of a destruction of the premises by fire and the subsequent inability to "utilize the buildings," which had been transferred by Conover to Lowville, for "some other manufacturing enterprise upon the premises," I think the grantor of the land, along with the donors of the moneys, must suffer, in consequence.

But if we should assume that there was a breach of the condition, then, it is certain that the plaintiffs cannot assert the right to enter; for that was reserved to West by the deed

and is by law.    As already observed, all that the plaintiffs ever got by way of an estate in the land was Conover's interest, through the deed of the trustee in bankruptcy, and West's individual interest, if any, as one of the committee of citizens.    Thus they must fail in their action.    In no conceivable way, in my opinion, could it be maintained.    West could not substitute them as trustees, for the purpose, and that the Supreme Court could appoint a successor in his stead to carry out whatever the trust may have been, I do not believe.    But that question is not here.

I advise that the judgment be reversed and the complaint dismissed; with costs in all courts to be paid by the respondents.

CULLEN, Ch. J., WERNER, WILLARD BARTLETT, HISCOCK, CHASE and COLLIN, JJ., concur.

Judgment reversed, etc.