The People of the State of New York, Appellant,
*v.* John W. Wainwright et al., Defendants, and The
City of New York, Respondent.

Real property — Jamaica bay — city of New York — condi-
tions subsequent — grant of lands under water of bay to upland
owner, for certain purposes and upon condition that the gran-
tee complete improvements required by the grant within a
specified time — subsequent statute granting to the city of
New York all right, title and interest of state in lands under
water of Jamaica bay — such grant no defense on the part of
the city to action brought by state against said upland owner
and the city to have the letters patent issued to the upland
owner declared null and void — at time state granted to New
York city lands under water in Jamaica bay it had no right,
title or interest in the lands granted to the upland owner —
the right to have the grant declared null and void for breach
of subsequent conditions of grant by the grantee is not an
interest in lands but a chose in action merely.

In 1907 the commissioners of the land office of the state issued to
the owner of upland on Jamaica bay letters patent granting certain
land under the water of the bay for the purpose of " conveying a
restricted beneficial enjoyment " in and to such land, the estate so
granted to become null and void and the People of the State to have
the right to re-enter the premises in case of violation or breach of the
terms of the grant. By a statute thereafter enacted (L. 1909, ch. 568)
there was granted to the city of New York " such right, title and inter-
est as the state of New York may have in and to the land under water
in Jamaica bay * * *." The state brought this action against
said upland owner and the city of New York to have the letters patent
issued to such upland owner declared null and void for failure on his
part to make the improvements required by the letters, and to bar
him and the city from any interest therein under the letters patent.
The upland owner defaulted but the city claims title in fee to the
lands under the provision of the statute (L. 1909, ch. 568). This
contention cannot be sustained. When that act took effect, the state
had no right, title and interest in the lands described in the letters
patent. It retained no interest therein. There was a condition subse-
quent, which exists where a subsequent happening destroys or divests
a subsisting right, but the right to take advantage of a condition sub-

sequent is neither an estate nor an interest in real property nor is it at common law an assignable chose in action. It follows, therefore, that the state could not grant the lands in suit until it regained its title thereto and did not assign its intangible right of re-entry by the act of 1909 and that the city of New York acquired no interest therein.

*People* v. *Wainwright,* 205 App. Div. 505, reversed.

(Submitted January 15, 1924; decided February 19, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered August 2, 1923, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

*Carl Sherman,* Attorney-General (*Anson Getman* and *George S. Parsons* of counsel), for appellant. Chapter 568 of the Laws of 1909 and chapter 522 of the Laws of 1912 did not relate to the premises, the subject of this action. (*Archibald* v. *N. Y. C. & H. R. R. R. Co.,* 157 N. Y. 574.) The effect of chapter 568 of the Laws of 1909 and chapter 522 of the Laws of 1912 was not to grant to the city of New York a fee title. At the most the city acquired only jurisdiction and control for harbor purposes and the right to maintain harbor improvements. (*I. C. R. R. Co.* v. *Illinois,* 146 U. S. 387; *Coxe* v. *State,* 144 N. Y. 396; *People* v. *N. Y. & S. I. F. Co.,* 68 N. Y. 71; *Matter of Long Sault Development Co.,* 212 N. Y. 1; *Appleby* v. *City of New York,* 235 N. Y. 351; *Bedlow* v. *N. Y. F. D. D. Co.,* 112 N. Y. 263; *People ex rel. Palmer* v. *Travis,* 223 N. Y. 150; *Harway Imp. Co.* v. *Partridge,* 205 App. Div. 174; 236 N. Y. 563; *Bliss* v. *Benedict,* 202 App. Div. 115; 234 N. Y. 604; *Hunter* v. *Pittsburgh,* 207 U. S. 161.)

*George P. Nicholson,* Corporation Counsel (*John F. O'Brien* and *John J. Mead* of counsel), for respondent. The state was not divested of all its interest in the land by its conditional grant to Wainwright. Until chapter

568 of the Laws of 1909 became effective, May 29, 1909, the state retained all its interest, subject only to a conditional right residing in Wainwright to acquire " a restricted beneficial enjoyment " in the premises. After the time for compliance with conditions had expired the grant became " null and void." (*Parmelee* v. *O. & S. R. R. Co.,* 7 Barb. 599; 6 N. Y. 74.) Wainwright never acquired a " restricted beneficial enjoyment " in the premises. Vesting of his inchoate " restricted beneficial enjoyment " depended upon conditions which needed to be fulfilled precedent to such vesting. (*Parmelee* v. *O. & S. R. R. Co.,* 7 Barb. 599; 6 N. Y. 74; *Towle* v. *Remsen,* 70 N. Y. 303; *Allegany Oil Co.* v. *Bradford Oil Co.,* 21 Hun, 26; *Wells* v. *Smith,* 7 Paige, 22; *Newcomb* v. *Newcomb,* 12 N. Y. 603; *Archibald* v. *N. Y. C. & H. R. R. R. Co.,* 157 N. Y. 574; *People* v. *Traktman,* 201 App. Div. 864.)

Pound, J. This is a controversy over the title to one and one-half acres of land under water in Jamaica bay, patented by the state to John W. Wainwright, the upland owner.

The commissioners of the land office on November 22, 1907, issued letters patent for the purpose of " conveying a restricted and beneficial enjoyment " in and to such lands. It was covenanted and agreed that in case of a violation or breach of the terms of the grant on the part of the grantee then " the estate hereby granted shall terminate and these letters patent shall become null and void and the People of the State of New York " may re-enter the premises granted. It was further provided: " These letters patent are issued for the following purposes: to fill in the lands under water herein granted and to erect thereon a bulkhead and pier of a substantial character " and " that unless the improvements above named are completed within five years from the date of these presents, this grant shall cease and determine and become null and void."

Laws of 1909, chapter 568, in effect May 29, 1909, provides:

" Section 1. To the end that the· city of New York may co-operate with the federal government in the creation of a new harbor in and about Jamaica bay, including the making of channels, basins, slips and other necessary adjuncts, through the excavation of the soil or lands under water, and otherwise, intended for the advancement of the commercial interests of the city, state and nation, there is hereby granted *for the purposes specified in this act,* to the city of New York *such right, title and interest as the state of New York may have in and to the land under water in Jamaica bay and Rockaway inlet* and the tributaries thereto which lie to the northward of latitude forty degrees thirty-three minutes north, and to the eastward of longitude seventy-three degrees fifty-six minutes west, as now interpreted, excluding, however, all lands under water included within the boundary of Nassau county. This grant shall become operative upon the United States government making its first appropriation for the creation of the new harbor mentioned in this act, or upon the city of New York appropriating and setting aside a sum not less than one million dollars for the same purpose.

" § 2. The grant shall not affect such land as may hereafter be granted by the commissioners of the land office under any application made prior to May twenty-ninth, nineteen hundred and nine, but if any such application be denied, the land covered thereby shall pass to the city of New York under the conditions of this act."

Laws of 1912, chapter 522, in effect April 18, 1912, recited the foregoing act and granted to the city certain other lands in Jamaica bay not under water.

The grant to the city under these statutes became operative by the acts of the United States and the city in making the required appropriations in 1910 and 1911.

In 1920 the state brought this action against Wain-

wright and the city, to have the letters patent declared null and void for failure on the part of the grantee to make the required improvements and to bar him and the city of New York from any interest therein under the letters. Wainwright defaulted, but the city claimed title in fee to the lands under the provisions of Laws of 1909, chapter 568, above quoted. This contention cannot be sustained.

The act of 1909 purported to grant to the city only " such right, title and interest as the state of New York may have in and to the land under water." The state had on May 29, 1909, when the act took effect, no right, title and interest in the lands described in the Wainwright patent. The state had granted the lands to Wainwright for a certain purpose and on condition that the grant should be null and void if the lands were not devoted to that purpose before November 22, 1912. It retained no interest therein. A condition subsequent exists where the subsequent happening destroys or divests a subsisting right. The right to take advantage of a condition subsequent is neither an estate nor an interest in real property, nor is it at common law an assignable chose in action.

The antique lore of real estate law on this point has been sufficiently and recently amplified by the opinions of this court. No reiteration thereof is needful. (*Upington* v. *Corrigan*, 151 N. Y. 143; *Fowler* v. *Coates*, 201 N. Y. 257.) The right of re-entry for breach of a condition subsequent was said to be unassignable for great reasons of public policy. While the legislature might, if it saw fit, by apt words, change such policy, clothe its right to re-enter with the element of assignability, and convey all its property rights relating to such lands to the city, it has transferred only its right, title and interest therein, not its choses in action in relation thereto. So, too, it might have included in the grant all patented lands, subject to re-entry for breach, upon such re-entry.

A more liberal construction of the statute is not per-

missible under well-established rules of construction. Legislative grants, voluntarily made, should be construed fairly, but should not be extended by implication beyond the reasonable purpose and intent indicated by the language used. " If rights claimed under a government be set up against it, they must be so clearly defined that there can be no question of the purpose of (the state) to confer them." (*Leavenworth, L. & G. R. R. Co.* v. *U. S.*, 92 U. S. 733, 740.)

In a matter of this import, the reasonable presumption is that the words of grant were used, not loosely, but with regard for their established legal significance, and in construing a statute a technical meaning should be given to technical words, unless a contrary meaning is unmistakably intended. (*Perkins* v. *Smith*, 116 N. Y. 441, 448.)

It follows that the state could not grant the lands in suit until it regained its title thereto and did not assign its intangible right of re-entry by the act of 1909, and that the city of New York acquired no interest therein.

In *First Const. Co. of Brooklyn* v. *State of New York* (221 N. Y. 295), on which the decision of the Appellate Division largely rests, no grant of lands under water was involved. The state retained all its right, title and interest in the lands affected, except that it granted a privilege, somewhat in the nature of a franchise, over such lands, to fill in and erect a bulkhead, which grant was held to be of value to the grantee. The question in the case was as to the nature of the grantee's interest only.

The judgment appealed from should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment reversed, etc.