In the Matter of the Accounting of ELLIOTT R. FISK, as Executor of ANNA M. FILKINS, Deceased.

Surrogate's Court, Monroe County, December 19, 1952.

Elliott R. Fisk, as executor, petitioner in person.

WITMER, S. Petitioner asks the court to construe paragraph "SECOND" of testatrix' will which reads as follows: "I give, devise and bequeath to Lottie E. Filkins, widow of my deceased brother Clarence G. Filkins, whatever automobile I may own at the time of my decease and my residence where I now reside, including all of the land and outbuildings as well as all furniture, household furnishings and housekeeping appliances in the house, and I direct that she shall have the right to use and occupy said premises immediately upon my death. This bequest and devise, however, are made expressly contingent upon the said Lottie E. Filkins furnishing proper care for any and all pets which I may own at the time of my decease for as long as they shall live."

The first sentence of said paragraph contains a positive, absolute bequest and devise. The provisions of the last sentence were meant by testatrix to be performed by the beneficiary, Lottie E. Filkins, during her enjoyment of her bequest and devise. Hence the provision is not a condition precedent but is a condition subsequent. (Matter of Johnston, 277 App. Div. 239, affd. 302 N. Y. 782; Matter of Arrowsmith, 162 App. Div. 623, 626, affd. 213 N. Y. 704; Matter of Baechler, 121 Misc. 691, 699, affd. 215 App. Div. 797; Matter of Lawless, 194 Misc. 844, 862.)

The vested interests of Lottie E. Filkins in said bequest and devise continued, subject to divestment only upon the occurrence or enforcement of a legal invalidating condition. (Matter of Dettmer, 177 Misc. 349, 354.) Although no one has as yet endeavored to enforce the provision as a condition subsequent, the court is asked to determine the validity thereof to clarify the status of the title to the real estate. The Attorney-General makes no claim concerning the condition.

Since the condition is based upon the lives of several animals, it clearly is void under the statute against unlawful suspension of the power of alienation. (Booth v. Baptist Church, 126 N. Y.

215; *Matter of Herts,* 165 Misc. 738, 744; *Matter of Howells,* 145 Misc. 557 [pets].) Moreover, there is no gift over in the event of failure to perform the condition, and hence the condition cannot operate to disturb the vested interests of Lottie E. Filkins. (*Matter of Johnston,* 277 App. Div. 239, 243, affd. 302 N. Y. 782, *supra; Sherman* v. *Richmond Hose Co.,* 230 N. Y. 462, 469–470.)

Submit decree accordingly.