A. Franklin Mahoney, J.
In 1946 four members of a Kingston family deeded to the city a certain parcel of land on the 1 ‘ express condition that all of the lands hereby conveyed shall be used by the City of Kingston and its successors in perpetuity for public park purposes and shall at all times be identified as ‘ Bice Park ’ * * * and that in the event of the discontinuance at any time hereafter of the use of such lands for public park purposes or of the use of the name ‘ Bice Park ’ to identify said lands all of the same shall immediately revert to the parties of the first part or their heirs.” The land was used as directed until December 2, 1969 when the Kingston Common Council, by resolution, announced its intention to discontinue use of the land as a park.
Thereafter, by quitclaim dated July 28, 1970, and recorded in the Ulster County Clerk’s office, the subject property was conveyed by the City of Kingston to the original four grantors, all of whom were dead, and the Joyce Schirick Post No. 1386 Veterans of Foreign Wars.
Plaintiffs, real property taxpayers in the City of Kingston, commenced an action pursuant to section 51 of the General Municipal Law seeking a judgment annulling the deed from the City of Kingston to the original deceased grantors and the Joyce Schirick Post. (Plaintiffs also ask for a restraining order enjoining the defendant Schirick Post from erecting any building on the subject property. This relief, while available on a motion within the context of an action under section 51 of the General Municipal Law if it should appear that movant might be entitled to ultimate relief, is not a proper alternate demand in the plenary action and will not be discussed herein.)
In the motion before the court the defendant Schirick Post, joined by the City of Kingston, moves to dismiss the complaint and for summary judgment.
Interesting questions of law are raised by the pleadings and motion papers. What kind of estate remained in the original grantors? Was it alienable, devisable or descendible? Did the City of Kingston accept the property subject to a trust? If so, could it convey the property without the permission of the Legislature? If it could, should it be required to advertise the sale and sell only at public auction?
I think little discussion is required to determine that the original grantors, by the language in the deed quoted above, created a future estate, as distinguished from a possessory estate, known as a right of reacquisition. Article 6 of the Estates, Powers and Trusts Law (L. 1966, ch. 952, eff. Sept. 1, 1967) defined the estate created by the deed under study as fol *1030 lows (EPTL 6-4.6): “ A right of reacquisition is the future estate left in the creator or in his successors in interest upon the simultaneous creation of an estate on a condition subsequent.” The estate “ simultaneously created” in the City of Kingston was an estate in fee simple subject, however, to termination if the condition subsequent occurred and the grantor(s) elected to exercise his right of reacquisition. That the event upon which the city’s fee was conditioned actually happened cannot be denied. The city, informally by disuse and, formally by resolution, abandoned the use of the realty as a park. However, since the grantors or their successors never exercised their right of reacquisition, it must now be decided if that right survived the deaths of the original grantors and the conveyances by the successors in interest of those grantors to the Schirick Post. In this connection it should be observed that the right to reacquisition was not regarded as an estate in property and, at common law, was neither assignable, devisable nor descendible before or after breach of the condition. An attempted assignment or conveyance of the right of reacquisition extinguished the right, destroyed the condition and vested fee absolute in the original grantee. (Vail v. Long Is. R. R. Co., 106 N. Y. 283; Fowler v. Coates, 201 N. Y. 257; People v. Wainwright, 237 N. Y. 407; New Edgewood Lake Corp. v. Kingston Trust Co., 246 App. Div. 163, 166, app. dsmd. 273 N. Y. 524.) Therefore, under the common law, the conveyances by the descendants of the original grantors to the defendant Schirick Post would have worked to vest a fee simple in the City of Kingston. Under such circumstances I think it to be clear that any trust imposed by the original deed would have ended and the conveyance by the city to Schirick would have been a nullity, as permission to convey parkland was not obtained from the Legislature. However, since the right of re-entry or reacquisition, under the common law, was personal to the grantors, it devolved upon their descendants or heirs at law by force of representation and not by descent. It was therefore always present and unexercised and continued to exist as a viable unexercised right until it was given new life as a future estate with the enactment of article 6 of the Estates, Powers and Trusts Law. The classification of a right of reacquisition as a future estate (EPTL 6-4.6) brings it within the operation of (EPTL 6-5.1) which makes all future estates descendible, devisable and alienable. (See McKinney’s Cons. Laws of N. Y., Book 7B, EPTL 6-3.2, 6-4.5, Practice Commentaries.) The old common law which extinguished the right to reacquisition and destroyed the condition subsequent must be regarded as having no continuing validity. It follows, therefore, that the right of reacquisition *1031 of the original grantors to the city, personal to them, devolved upon their heirs at law by force of representation, rested there as a potentially viable right, and became a vested future interest in realty which could be conveyed to third parties without destroying the right or the condition upon which that right was predicated, all pursuant to article 6 of the EPTL. Since all of the descendants of the original four grantors have conveyed their respective interests in the future estate to the defendant Schirick Post, it follows that the now unfragmented right of reacquisition vests in Schirick Post, albeit, to date, unexercised. The City of Kingston, having joined in defendant Schirick’s motions, is not likely to exercise the right legislatively created in 1963 by section 1954 of the Beal Property Actions and Proceedings Law, i.e., the right to maintain an action for a judgment that the condition subsequent created in the 1946 deed to the city be governed by section 1951 of the Beal Property Actions and Proceedings Law, which might severely limit the right of Schirick Post to exercise the right of reacquisition it now possesses. In any event, even if the city should choose such a course of action, it might not be maintainable, because of the provisions of subdivision 4 of section 1954 of the Beal Property Actions and Proceedings Law.
From all of this it clearly emerges that the defendant Schirick Post has an absolute right, pursuant to the provisions of section 612 of the Beal Property Actions and Proceedings Law, to (a), within 10 years of the occurrence of the breach of the condition subsequent, serve upon the City of Kingston a written demand that possession be delivered, stating the reason thereof, and commencing an action within one year thereafter or (b), if no such demand is served, commence an action within 10 years of the breach of the condition subsequent.
Since the City of Kingston has given the best evidence of its willingness to comply with such a demand (admission of breach of condition subsequent and deed to Schirick Post), it seems unnecessary and fruitless to deny defendants’ motions which would have the effect of keeping alive a lawsuit which, in my view, cannot succeed. This conclusion makes unnecessary a consideration of whether the 1946 deed to the city created a trust which prohibited transfer of the parkland without legislative approval. The land was accepted by the city as a gift subject to a future estate in the donors and, as such, was exempt from the control of the Legislature. (Matter of Central Park Way, 140 Misc. 727.) The city could only convey the subject property to the original grantors or to their successors upon the occurrence of a breach of the condition subsequent, and this it did. Finally, *1032 since the class to which the city could convey was limited by operation of law (Real Property Actions and Proceedings Law, § 612) no advertising or public sale was required.
The motions to dismiss the complaint and for summary judgment in favor of the defendants are granted.