A. Franklin Mahoney, J.
Plaintiff seeks an order striking defendants’ amended answer and counterclaim and directing that summary judgment issue in favor of the plaintiff upon the cause of action set forth in the complaint.
The complaint purports to state a cause of action pursuant to article 15 of the Real Property Actions and Proceedings Law.
By deed, dated January 28, 1852 Bernhard Uline and Lucy Y. C. Uline, his wife,‘conveyed certain premises in West Sand Lake, Rensselaer County, to the trustees of the Methodist Episcopal Church and their successors in office. By deed, dated April 10, 1968 the trustees of Methodist Church in West Sand Lake conveyed said premises to Methodist Church in West Sand Lake and, thereafter, by Supreme Court order, dated April 24, 1968 Methodist Church in West Sand Lake and Salem Church of the Village of West Sand Lake were merged to become the United Methodist Church of West Sand Lake, the plaintiff herein.
The 1852 deed, to the predecessors of plaintiff, contained the following statement: “ This conveyance is made upon the express condition that whenever said Church ceases to use said lot for a site for a meeting house or parsonage house, it shall then revert back to the farm of the said Bernhard Uline and become the property of whoever shall own said farm.”
It is plaintiff’s contention that Bernhard Uline and his wife attempted to create a reverter but since it inured to the benefit of strangers (“ become the property of whoever shall own said farm.”) to the deed, it was and is void. Summary judgment would lift the cloud from the title and enable plaintiff to sell the premises. I do not agree.
First, it is necessary to distinguish between a “ possibility of reverter ” and a “ right of reacquisition ”. A “ possibility of reverter ” is the future estate left in the creator or in his successors in interest upon the simultaneous creation of an estate that will terminate automatically within a period of time defined by the occurrence of a specified event (EPTL 6-4.5). When a deed contains a “ possibility of reverter ”, the grantor disposes of a fee on limitation. The grantee takes the fee on limitation which will terminate automatically upon the occurrence of a stated event, without a re-entry or other affirmative act by the grantor or his successors. Words denoting the running of time usually characterize the creation of a “ possibility of reverter ”, such as “ until ”, “ while ”, “ so long as ” and “ during ” (see Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 17B, EPTL 6-4.5).
*567 A “ right of reacquisition ” is defined as the future estate left in the creator or his .successors in interest upon the simultaneous creation of an estate on a condition subsequent (EPTL 6-4.6). From this definition it can be seen that a “ possibility of reverter ” has as its touchstone the passage of time that must ultimately terminate the fee conveyed. On the other hand, a “ right of reacquisition ” has as its genesis a “ condition subsequent ”, the breach of which brings into being the future estate that was simultaneously created when the fee was conveyed (Fausett v. Guisewhite, 16 A D 2d 82; 20 N. Y. Jur., Estates, § 33).
Reference to the 1852 deed clearly evidences that a “ right of reacquisition ” and not a “ possibility of reverter ” was created by the language employed in the encumbrance. The grantee was not given the fee to be used until automatically éxtinguished by passage of time. Rather, the grantor created an estate that was timeless if the condition subsequent never occurred. In this case the condition subsequent was breached by the plaintiff three years ago when it abandoned the subject premises. At the moment of breach of the condition subsequent the defendants, successors in interest to the original grantors, acquired a “ right of reacquisition ”. This right, at common law unassignable, devisable or descendible before or after breach of condition (Vail v. Long Island R. R. Co., 106 N. Y. 283; Fowler v. Coates, 201 N. Y. 257; People v. Wainwright, 237 N. Y. 407; New Edgewood Lake Corp. v. Kingston Trust Co., 246 App. Div. 163, 166, app. dsmd. 273 N. Y. 524) but now fully assignable, devisable and descendible (EPTL 6-5.1) is personal in nature and devolved upon the successors in interest of the original grantors by force of representation. This “ right of reacquisition ” is a present, inchoate, unexercised right that does not terminate the grantee’s fee or estate until and unless exercised (see Grant v. Koenig, 67 Misc 2d 1028, affd. 39 A D 2d 1000).
From all of the above it clearly emerges that the defendants have an absolute “ right of reacquisition ” and, pursuant to the provisions of section 612 of the Real Property Actions and Proceedings Law, may, within 10 years of the occurrence of the breach of the condition subsequent contained in the 1852 Uline deed, serve upon plaintiff a written demand that possession be delivered, stating the reason therefor, and commencing an action within one year thereafter or, if no such written demand is served, commence an action within 10 years of the breach of the condition subsequent.
*568 Therefore, within the time limited by section 612 of the Beal Property Actions and Proceedings Law, the plaintiff can only convey the subject premises to the defendants or their successors in interest. It naturally follows that plaintiff cannot have summary judgment so as to remove the alleged cloud from the title.
The motion is denied.